UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN LUNA DOMINGUEZ, for himself and on behalf of those similarly situated,<br><br>                                             Plaintiffs,<br><br>               -against-<br><br>JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO, individually,<br><br>                                             Defendants. | Docket No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Named Plaintiffs JUAN LUNA DOMINGUEZ ("Named Plaintiff"), individually and on behalf of all other persons similarly situated ("Plaintiffs") by his attorneys, Virginia & Ambinder, LLP, alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b) and N.J.S.A. §§ 34:11-56a4 *et seq.* against GARY GIORDANO ("Individual Defendant" or "Giordano") to recover earned but unpaid overtime compensation owed to the Named Plaintiff and members of the putative class for residential waste collection work that they performed between December 7, 2010 through the present, while employed by GALAXY RECYCLING, INC., JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL, and GARY GIORDANO.

2. This action is also brought against Defendant JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and/or SMENTKOWSKI GARBAGE REMOVAL ("Corporate Defendant" or "Smentkowski"), to enforce the terms and conditions of the Settlement Agreement annexed hereto as Exhibit A.

3. The Named Plaintiff has initiated this action on behalf of himself and members of the putative class to recover the overtime compensation that they were deprived of, plus interest, damages, attorneys' fees, and costs. Named Plaintiff has also initiated this action to enforce the terms and conditions of the Settlement Agreement.

## JURISDICTION

4. This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over all New Jersey State Law and breach of contract claims pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2), as this action is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

7. The Named Plaintiff JUAN LUNA DOMINGUEZ resides in the State of New Jersey, and performed residential waste collection work for Smentkowski, Gary Giordano and other related companies, such as Galaxy Recycling Inc. from approximately 2009 to 2012 and again in 2014. Named Plaintiff Dominguez regularly worked more than 40 hours per week and was paid on a flat daily rate regardless of the number of hours worked.

8. Upon information and belief, Defendant JOSEPH SMENTKOWSKI, INC. d/b/a GALAXY CARTING and also d/b/a SMENTKOWSKI GARBAGE REMOVAL (hereinafter collectively referred to as "Smentkowski") is a corporation incorporated under the laws of the State of New Jersey, with its principal location at 3 New York Avenue, Jersey City, New Jersey 07307, and is engaged in the solid waste collection and transportation business in the State of

New Jersey.

9. Upon information and belief, Defendant GARY GIORDANO (hereinafter referred to as "Giordano") is and was at all relevant times an officer, shareholder, and/or owner of Galaxy Recycling, Inc. and Defendant Smentkowsi, which are closely held corporations. Upon further information and belief, Defendant Giordano resides at 25 Wilson Place, North Arlington, New Jersey 07031.

## CLASS ALLEGATIONS

10. Pursuant to the terms and conditions of the Settlement Agreement, Gary Giordano has agreed not to oppose class and collective certification in this action.

11. The claims for unpaid wages is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

12. This action is brought by the Named Plaintiffs on behalf of themselves and a putative class consisting of similarly situated employees who performed residential waste collection work for Defendants, including drivers, driver's helpers, waste collectors, loaders, and other related jobs other than office and executive personnel.

13. This action is properly maintainable as a class action pursuant to the New Jersey Rules of Court § 4:32 and N.J. Stat. § 34:11-56.40: "[a]ny workman shall be entitled to maintain [an action for underpayment of prevailing wages] for and on behalf of himself or other workmen similarly situated, and such workman and workmen may designate an agent or representative to maintain such action for and on behalf of all workmen similarly situated."

14. This action is brought on behalf of all current and former employees of Galaxy Recycling, Inc. or Joseph Smentkowski, Inc. d/b/a Galaxy Carting and/or Smentkowski Garbage Removal who performed work as drivers, driver's helpers, waste collectors, and loaders from

December 7, 2010 through the present. This does not include supervisors, officers, executive, managerial, or administrative personnel.

15. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 similarly situated individuals. In addition, the names of all potential members of the putative class are not known.

16. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: whether the Galaxy Recycling, Inc. and Smentkowski failed to pay the Named Plaintiff and members of the putative class their earned overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

17. The claims of the Named Plaintiff is typical of the claims of the putative class.

18. The Named Plaintiff and the members of the putative class were all subject to Galaxy Recycling, Inc. and Smentkowski's policies and willful practices of failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week.

19. The Named Plaintiff and their counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the putative class lack the financial resources to adequately prosecute separate lawsuits against Gary Giordano. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Gary Giordano,

Galaxy Recycling, Inc. and Smentkowski's policies.

**FACTS**

21. Named Plaintiff Dominguez commenced a class action in the District of New Jersey – Newark Division on December 7, 2012 against Galaxy Recycling, Inc., Defendant Smentkowski, and Defendant Gary Giordano to recover overtime compensation pursuant to federal and state laws. *See Dominguez v. Galaxy Recycling, Inc.*, *et al.*, Civil Docket No. 12-cv-7521 (LDW) (hereinafter referred to as "Galaxy Recycling I")

22. On September 20, 2013, this Court granted conditional certification pursuant to 29 U.S.C. § 216(b) in Galaxy Recycling I. *See* Galaxy Recycling I, Docket No. 20.

23. On December 10, 2015, this Court granted class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure in Galaxy Recycling I. *See* Galaxy Recycling I, Docket No. 107.

24. The class was defined as:

> All current and former employees of Galaxy Recycling or Joseph Smentkowski, Inc. d/b/a Galaxy Carting and/or Smentkowski Garbage Removal who performed work as drivers, driver's helpers, waste collectors, and loaders from December 7, 2010 through the present. This does not include supervisors, officers, executive, managerial, or administrative personnel.

*See* Galaxy Recycling I, Docket No. 115

25. On December 10, 2015, the Court also issued an Order finding that the defendants in Galaxy Recycling I waived their right to assert the Motor Carrier Act and "Trucking Industry Employer" exemptions to federal and state overtime requirements as an affirmative defense. *See* Galaxy Recycling I, Docket No. 108.

26. On September 12, 2016, the parties in Galaxy Recycling I executed the Settlement Agreement. *See* Exhibit A.

27. On June 9, 2017, the Court ordered final approval of the Settlement Agreement. *See* Galaxy Recycling I, Docket No. 143.

28. In accordance with the terms and conditions of the Settlement Agreement, Defendant Smentkowski was required to make settlement payments in excess of $300,000.00 by September 8, 2017. Additional payments to Virginia & Ambinder, LLP for fees and costs is required to be remitted by November 7, 2017.

29. To date, Defendant Smentkowski has failed to remit the required payments in furtherance of the agreed upon terms of the Settlement Agreement.

30. Pursuant to Section 3.6(E) of the Settlement Agreement, the claims alleged against Gary Giordano in Galaxy Recycling I, which were dismissed without prejudice, remain tolled as of December 7, 2012 against Mr. Giordano pending full payment of the settlement amount.

31. Due to Smentkowski's failure to remit timely settlement payments, Named Plaintiff now recommences his class action against Gary Giordano for unpaid overtime compensation dating back to December 7, 2010.

32. Upon information and belief, beginning in approximately December 2010, the Gary Giordano, Galaxy Recycling, Inc. and Smentkowski employed the Named Plaintiff and other members of the putative class to perform residential waste collection and related work in the State of New Jersey.

33. The Named Plaintiff and the members of the putative class regularly collected residential waste on behalf of Gary Giordano, Galaxy Recycling, Inc. and Smentkowski in the State of New Jersey, <u>including but not limited to from homes located in the following</u>: the City of East Orange; the City of Orange; Passaic; the Borough of Roseland; the Township of Cedar

Grove; Wallington; and the Township of Livingston.

34. Upon information and belief, while working for the Gary Giordano, Galaxy Recycling, Inc. and Smentkowski, the Named Plaintiff and the members of the putative class did not receive any overtime wages, at the rate of one and one-half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

35. Upon information and belief, Defendant Giordano was the principal executive and/or chief executive of Galaxy Recycling, Inc. and Defendant Smentkowski and (i) had the power to hire and fire employees for those entities; (ii) controlled employee work schedules or conditions of employment for those entities; (iii) determined the rate and method of payment for the employees of those entities; and (iv) generated and maintained employment records for those entities.

36. Upon information and belief, Defendant Giordano dominated the day-to-day operating decisions of Galaxy Recycling, Inc. and Defendant Smentkowski, made major personnel decisions for Galaxy Recycling, Inc. and Defendant Smentkowski, and had complete control of the alleged activities of Galaxy Recycling, Inc. and Defendant Smentkowski, which give rise to the claims brought herein.

37. Upon information and belief, Defendant Giordano was a supervisor, officer and/or agent of Galaxy Recycling, Inc. and Defendant Smentkowski, who acted directly or indirectly in the interest of Galaxy Recycling, Inc. and Defendant Smentkowski, and is an "employer" within the meaning of the Fair Labor Standards Act and New Jersey Labor Law. Defendant Giordano, in his capacity as president, actively participated in the unlawful method of underpaying employees of Galaxy Recycling, Inc. and Defendant Smentkowski. The Named Plaintiff and members of the putative class performed labor for the benefit of and at the direction of

Defendant Giordano.

38. Upon information and belief, the Galaxy Recycling, Inc., Defendant Smentkowski, and Gary Giordano willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act and applicable New Jersey State law by failing to maintain proper and complete timesheets or payroll records.

### FIRST CAUSE OF ACTION
### AGAINST GARY GIORDANO:
### FLSA OVERTIME COMPENSATION

39. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

40. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

41. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

42. The Named Plaintiff and other members of the putative class are "employees," within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

43. Defendant Gary Giordano is an "employers," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, is liable for violations of the FLSA.

44. Upon information and belief, Defendant failed to pay the Named Plaintiff and other members of the putative class all earned overtime wages, at the rate of one and one half

-8-

times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

45. The failure of Gary Giordano to pay the Named Plaintiff and other members of the putative class their rightfully owed wages and overtime compensation was willful.

46. By the foregoing reasons, Gary Giordano is liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### AGAINST GARY GIORDANO:
### NEW JERSEY OVERTIME COMPENSATION

47. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

48. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., Gary Giordano willfully failed to pay the Named Plaintiff and the members of the putative class their statutorily required overtime compensation for the work that they performed in excess of forty (40) hours a week.

49. By the foregoing reasons, Gary Giordano is liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### AGAINST THE SMENTKOWSKI:
### NEW JERSEY OVERTIME COMPENSATION

50. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

51. Smentkowski entered into the Settlement Agreement in September 2016.

52. Pursuant to the terms and conditions of the Settlement Agreement, Plaintiffs' withdrew their class claims with prejudice against Smentkowski in exchange for certain payments.

53. Pursuant to the terms and conditions of the Settlement Agreement, Smentkowski was required to make payments to Authorized Claimants in excess of $300,000.00 by September 8, 2017.

54. Pursuant to the terms and conditions of the Settlement Agreement, Smentkowski was required to make payments to Virginia & Ambinder, LLP for fees and costs by November 7, 2017.

55. To date, Smentkowski has failed to make any payments required pursuant to the terms and conditions of the Settlement Agreement.

56. By the foregoing reasons, Plaintiffs request the Court enter a judgment for the amount Smentkowski agreed to pay pursuant to the terms and conditions of the Settlement Agreement plus interest, attorneys fees, and costs.

**WHEREFORE**, the Plaintiffs demand judgment:

(1) on their first cause of action, against Defendant Giordano in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendant Giordano in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3) on their third cause of action, against Defendant Smentkowski in the amount Smentkowski agreed to pay Plaintiffs pursuant to the terms and conditions of the Settlement Agreement plus interest, attorneys fees, and costs

(4) any other and further relief the Court may deem appropriate.

Dated: New York, New York
September 18, 2017

-11-

                VIRGINIA & AMBINDER, LLP

                By:_____/s/_____
                      Lloyd Ambinder, Esq.
                      Jack Newhouse, Esq.
                      40 Broad St. 7th Floor
                      New York, NY 10004
                      Tel: (212) 943-9080
                      Fax: (212) 943-9082
                      lambinder@vandallp.com
                      jnewhouse@vandallp.com

                      *Attorneys for the Named Plaintiff*
                      *and the Putative Class*